## COLE *v.* STATE.

Opinion delivered December 21, 1895.

CRIMINAL LAW—OFFENSES AGAINST PROPERTY.—An indictment simply alleging that defendant unlawfully and wilfully took away a horse, without the knowledge or consent of the owner, against the peace and dignity of the state, charges no offense.

Appeal from Woodruff Circuit Court.

H. N. HUTTON, Judge.

*N. W. Norton* for appellant.

The indictment is not based upon any statute, and charges no common law offense. 2 Wharton, Cr. Law, sec. 2003, 2004, 2055; 1 Bish. Cr. L. sec. 536, 538; 2 Bish. Cr. L. secs. 517-18; 13 Vt. 344; 23 Am. Dec. 212; 30 Ark. 433; 35 *id.* 345.

*E. B. Kinsworthy*, Attorney General, for appellee.

The offense should be punished under the common law, as provided by sec. 601, Sand. & H. Dig. See 37, Ark. 261; 48 *id.* 56; 1 Bish. Cr. Law, secs. 569, 570 625 and note. 30 N. E. 1118; 5 Cow. (N. Y.) 258; 19 Wend, (N. Y.) 419. It is not necessary that the owner be put in fear. 14 S. E. 55; 9 Pick. (Mass.) 1. See Clark's Crim. Cases, Annotated, pp. 5 to 7.

BUNN, C. J. The defendant, Bill Cole, was indicted for trespass, in the Woodruff circuit court, and the indictment, omitting the formal parts, is as follows, to-wit: "The said Bill Cole, on the 1st day of August, 1895, in the county of Woodruff aforesaid, then and there, unlawfully and willfully, one horse, the property of O. C. Dillard, did ride, drive, take and carry away, without the knowledge or consent of him, the said O. C. Dillard, against the peace and dignity of the state of Arkansas." A demurrer to this indictment, to the effect

that it charged no offense known to the law, was interposed by the defendant, and the same was, by the court, overruled; exceptions taken and reserved, and defendant was convicted, and appealed. .

It is conceded by the state that there is no statute making the particular act a crime in this state, but it is contended that the act alleged was a crime at common law, and, therefore, punishable in this state; and the defendant contends to the contrary.

It is difficult to discuss the subject of trespass to personal property without considering it either as an element of larceny or of malicious mischief; for, when not considered in connection with one or the other of these crimes, it was rarely the subject of indictment at common law. The modern state of the law, it would seem, is to restrict the scope even of malicious mischief, as an indictable offense, from what it was at common law. Thus Mr. Wharton, in his work on Criminal Law, (9th edition), section 1068, says: "The recent inclination, however, so far as the common law is concerned, is to restrict the party injured to his civil remedies, except where the offense is committed secretly, in the night time, or in such other way as to inflict peculiarly wanton injury, so as to imply malice to the owner; or where it is accompanied with a breach of the peace." And elsewhere it is added, where the act is marked with malignant cruelty to animals.

The act complained of is not charged to have been done secretly, or in the night time; nor in the presence of the owner, in such a manner as to cause a breach of the peace; nor is it alleged that any injury was done to the animal or to the owner thereof, nor that the act was committed in a manner and under circumstances indicating malice or ill will toward the owner, or malignant cruelty to the animal, nor in a mere spirit of wantonness. In fact, the indictment fails to contain any of

the elements of a criminal offense, except it be that the act was without the knowledge and consent of the owner, and that it was done against the peace and dignity of the state ; and these of themselves are not sufficient to charge a crime to any one.

The demurrer should have been sustained, and, for this error in overruling the same, the judgment is reversed, and the cause is remanded, with instructions to sustain the demurrer.